IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JACK ONEAL SMALL | § | |
| v. | § | CIVIL ACTION NO. 6:12cv778 |
| | | (Consolidated with 6:12cv779 and 780) |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jack Small, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Small pleaded guilty to charges of burglary of a habitation, aggravated robbery, and aggravated kidnapping in the 8th Judicial District Court of Rains County, Texas, receiving concurrent sentences of 45 years in prison. He did not take a direct appeal, but unsuccessfully sought state habeas corpus relief. Following this, Small filed three federal habeas petitions challenging these convictions, which were consolidated into the present case.

The facts of the case, in brief, show that Small and a confederate, Chisholm Brittain, broke into the home of a person named Michelle Parrish and stole a number of items. While they were doing this, Parrish came home. They took her into the house at gunpoint and tied her to a chair with tape.

1

In his consolidated federal petition, Small raised five grounds for relief, including claims that his guilty plea was involuntary, he received ineffective assistance of counsel, his attorney William McDowell had a conflict of interest, there was an improper finding of use of a deadly weapon, and the order for restitution was improper. He stated that prior to a hearing, his attorney showed him a CD made by the jail personnel in Rains County, recording conversations between Small and his family talking about what a bad person and attorney McDowell was. McDowell said that Small was crazy to talk like that about "the person who holds his freedom in his hands" and that he could tell that McDowell now hated him. Following this, McDowell would only talk about how Small should take the plea bargain offer or "things would be much worse for him if he did not."

At the next hearing, Small states that the prosecutor took his family aside and told them that if Small did not take the plea bargain, the State would try him on each of the charges separately, secure life sentences on each charge, and have the court stack the sentences so that they would run consecutively. This upset his family a great deal and, as stated in affidavits from his family members, they cried, begged, and pleaded with Small to take the plea offer until he relented.

The Respondent answered the petition and filed copies of the state court records. Small filed a response to the answer. After review of the pleadings and records, the Magistrate Judge issued a Report recommending that Small's application for habeas corpus relief be denied.

With regard to Small's claim that his guilty plea was involuntary, the Magistrate Judge stated that the threat of a lengthier sentence is not proof that a plea of guilty was coerced. *See* Jones v. Estelle, 584 F.2d 687, 690 (5th Cir. 1978), *citing* North Carolina v. Alford, 400 U.S. 25 (1970). In this case, the prosecutor told Small and his family that the State intended to seek consecutive life sentences for the three offenses with which Small was charged. The evidence in the record, including the affidavits from Small and his family, show that Small accepted the plea agreement of 45 years concurrent in order to avoid the possibility of one or more life sentences. The Magistrate Judge stated that these facts do not show that the plea was involuntary. In addition, the evidence showed that Small's family pleaded with him to accept the plea agreement and that it was this

persuasion, not coercion from the State or McDowell, which induced him to take the plea offer rather than risk a life sentence.

In his objections on this point, Small argues that McDowell's anger at him caused him to lose the ability to weigh rationally the advantages of proceeding to trial against those of pleading guilty. He asserts that the conduct of his attorney and the prosecutor "intimidated" both his family members and himself, and that there was not simply a prediction of a life sentence, but a "guarantee" that if he did proceed to trial, he would receive not one life sentence but three consecutive life sentences. However, Small concedes that "it is not impermissible for a prosecutor during such plea bargains to put a defendant to a hard choice, requiring him to forego his right to go to trial in return for escaping what is likely to be a much more severe penalty if he does elect to go to trial."

As the Magistrate Judge determined, the evidence shows that Small pleaded guilty upon the entreaties of his family. While these entreaties may have been based upon the prosecutor's representation that he would seek three consecutive life sentences if Small rejected the plea offer, this does not show that Small's decision to plead guilty was coerced; as the Magistrate Judge correctly observed, the threat of a lengthier sentence does not itself render a guilty plea coerced. Jones, 584 F.2d at 690.

Small goes on to say that Brittain gave an "unsworn declaration" which is part of Small's state habeas proceeding. This declaration, which is dated September 9, 2011, avers that as part of Brittain's plea bargain, he had been required to implicate Small as being the person who had committed the offenses with him, because he, Brittain, had to tell exactly what had happened in order to receive the benefit of a plea bargain. Brittain says that "I told a story I felt the district attorney, Mr. Vittitow wanted to hear. It was all untrue." From this, Small reasons as follows:

> It is obvious that since Brittain was allowed to plead guilty after making a deal with the State before it was time for Petitioner to go to trial that based on Brittain's own declaration he would have testified at Petitioner's trial if he would have had one that everything he had told the district attorney had been lies. This creates more than a mere probability that had Petitioner went to trial and had Brittain testified in such a manner Petitioner would have received less than the life sentence promised to him by the prosecutor.

3

The record shows that Brittain testified under oath as to his and Small's involvement with the criminal episode. (State Court Records, docket no. 6-12, p. 69). Even indulging the dubious assumption that Brittain was prepared to appear at Small's trial and confess to committing perjury,[1] the speculation that Brittain might have testified to this effect does not alter the fact that Small pleaded guilty based on the fear of a lengthier sentence rather than due to any improper coercion. A statement given by Brittain in September of 2011 could not have had any effect upon Small's decision to accept the plea agreement in July of 2010. Small has failed to show that his plea of guilty was involuntary or coerced by improper actions of the prosecutor or his attorney. His first objection is without merit.

Second, Small asserts that he has shown by clear and convincing evidence that he received ineffective assistance of counsel. He says that trial counsel failed to conduct a thorough investigation of the law and facts before advising him to accept the plea agreement.

In his petition for federal habeas corpus relief, Small fails to identify what investigation he believes that counsel should have undertaken. In his objections, he specifies that McDowell failed to obtain funds from the trial court to hire an investigator, which would have shown that the victim claimed that $3,900 worth of property had been taken during the robbery, but "most of the property taken by Petitioner was returned intact." Despite this, Small says, the trial court assessed restitution in the amount of $3,699 against Small and Brittain as well. He asserts that the record shows the approximate value of the property taken as well as what property was returned prior to the trial on the merits; however, he fails to identify exactly where in the record this information appears.[2]

---

[1]Brittain's declaration does not indicate that had Small gone to trial, he, Brittain, would have appeared and testified to this effect; such testimony would, of course, have opened the possibility of the setting aside of Brittain's plea agreement as well as a potential perjury charge.

[2]The state court record contains one document listing property taken, as well as damage to Parrish's door frame, kitchen chair, and septic system (from Small's vehicle). The total amount of damages listed on this document is $4,179.00, and the document is not entirely clear as to exactly what property was returned.

More pertinently, Small has failed to show that had McDowell learned that most of the property stolen from Parrish had been returned to her, Small would not have pleaded guilty, but would have insisted on going to trial. The gravamen of the charges against him did not concern the precise value of the property or whether it had been returned, but the means by which Small and Brittain had acquired it. Even assuming that the majority of Parrish's property was returned intact, the conduct of Small and Brittain in ransacking her house and tying her to a chair at gunpoint would have provided more than ample justification for a jury to assess a life sentence.

In the context of a guilty plea, the Supreme Court and the Fifth Circuit have held that the defendant must show that counsel provided ineffective assistance and that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1986); Joseph v. Butler, 838 F.2d 786, 791 (5th Cir. 1988). Mere allegations from a petitioner that he would have demanded a trial if counsel's advice had been different are insufficient to establish a reasonable probability that he would have actually done so. Joseph, 838 F.2d at 791; Wolfe v. Puckett, 780 F.Supp. 408, 416 (N.D. Miss. 1991). Furthermore, the prejudice prong of the ineffectiveness test means that even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. DeVille v. Whitley, 21 F.2d 654, 659 (5th Cir. 1994).

In this case, Small argues only that "had counsel conducted a proper investigation of the facts associated with the stolen property and restitution assessed by the trial court he would have determined a major disparity existed resulting in a denial of due process to petitioner." Nothing in Small's pleadings suggests that had McDowell conducted such an investigation, Small would have resisted the entreaties of his family and risked multiple life sentences by insisting on going to trial. Nor has he shown that his plea was involuntary. Small's objection on this basis is without merit.

In his final objection, Small contends that during the pronouncement of the sentence for the aggravated kidnapping charge, the trial court failed to enter an affirmative finding that Small used or exhibited a deadly weapon during the commission of the offense, nor did the trial court pronounce

him guilty pursuant to the indictments. In his original petition, he asserted that the official written judgment and sentence contains an affirmative finding of a deadly weapon even though no such finding was pronounced by the trial court, and that this has caused him prejudice with regard to his eligibility for parole.

The Magistrate Judge observed that Small did not suffer any prejudice because his convictions for aggravated robbery and aggravated kidnapping have the same effect upon his parole eligibility as does the affirmative finding of use of a deadly weapon. In any event, as the Magistrate Judge said, the judgment of conviction recited that Small entered his guilty "to the charge contained in the charging instrument, as shown above." The charging instruments in both the aggravated kidnapping and aggravated robbery cases alleged that Small used or exhibited a deadly weapon during the commission of the offense. In entering his guilty plea "to the charge contained in the charging instrument," Small was also pleading guilty to the allegation that he had used or exhibited a deadly weapon. The Magistrate Judge was correct, and Small's objection on this point is without merit.

Small did not object to the Magistrate Judge's proposed findings and conclusions with regard to his claims that counsel had a conflict of interest or that the restitution order itself was improper. Accordingly, he is barred from *de novo* review by the district judge of these particular findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Furthermore, Small has not shown the decision of the state court denying his claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002); 28 U.S.C. §2254(d).

The Court has conducted a careful *de novo* review of the pleadings and records in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jack Small is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 30th day of April, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE